Howard N. Wollitz, SBN 58674
WILLIAMS & WOLLITZ PC
1539 Westwood Blvd., Second Floor
Los Angeles, California 90024
(310) 801-7185
hwollitz@wwlawcorp.com

Attorneys for Plaintiff
INFINITY SELECT INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| INFINITY SELECT INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER GENERAL ENGINEEING CONSTRUCTION, MICHAEL BRYANT, MARK EDWARD MACDONALD, and JOHN ARTHUR RUBIO,<br><br>Defendants. | Case No.<br><br>**COMPLAINT OF INFINITY SELECT INSURANCE COMPANY FOR DECLARATORY RELIEF** |

Plaintiff INFINITY SELECT INSURANCE COMPANY ("Infinity") for its complaint for declaratory relief, alleges:

### I.    <u>THE PARTIES</u>

1.    At all times herein mentioned, Infinity was and is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Birmingham, Alabama.  Infinity does not have a substantial predominance of its corporate activities in the State of California.  Its corporate "nerve center" is in Birmingham, Alabama.  Thus, Infinity is a resident and citizen of the State of Indiana, as well as of the United States.

2.     As alleged in the Complaint for Damages in the pending action entitled *Michael Bryant, Plaintiff, v. Premier General Engineering Construction, Mark Edward MacDonald, John Arthur Rubio, et al., Defendants,* Orange County Superior Court Case No. 30-2023-01329567-CU-PA-CJC ("the Underlying Action," a true and correct copy of which is attached as Exhibit 1), defendant Premier General Engineering Construction is California corporation, defendant Mark Edward MacDonald is an individual residing and domiciled in the State of California, and defendant John Arthur Rubio is an individual domiciled and residing in the State of California.

3.     Defendant Premier Generali Engineering Construction ("Premier") is an active California corporation in good standing, business entity no. 4316874, with its principal place of business in Laguna Niguel, California.

4.     Defendant Michael Bryant resides and is domiciled in the State of California.

5.     Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio are named as defendants in this action to bind them to the determinations made herein regarding the coverage under the subject insurance policy issued by Infinity to Premier for the Underlying Action.  No affirmative relief is sought against Michael Bryant, Mark Edward MacDonald, or John Arthur Rubio.  Infinity hereby offers to dismiss Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio, or any of them, from this action upon entry of a stipulation and order that they, or any of them, will be bound by the coverage determinations of this Court in this action.

## II.    JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as established by the allegations in paragraph 7 below, and is between citizens of different states, in that Infinity is an Indiana corporation with its principal place of business in Birmingham, Alabama,

and thus is a citizen of the State of Indiana, whereas defendants Premier, Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio are citizens of the State of California.

7.     In the Underlying Action, Michael Bryant alleges that on July 5, 2022, he was driving his vehicle in the city of San Juan Capistrano when Mark Edward MacDonald ran a red light and collided with Michael Bryant's vehicle ("the Accident") causing Michael Bryant to suffer damages including for hospital, surgical, ambulance, medical, nursing, physical therapy, chiropractic, and household damages, loss of future income, pain, suffering, loss of enjoyment of life, and other sever emotional distress.  The subject insurance policy issued by Infinity to Premier provides for a $1,000,000 combined single limit of coverage but, because Infinity seeks a declaration that the policy limit should drop down to $15,000, such policy limit itself, and the request for a judgment that the limit is reduced by $985,000 to $15,000 establish that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

8.     Pursuant to 28 U.S.C. §1391(a), venue is appropriate in the Central District of California, Southern Division, because jurisdiction is founded upon diversity of citizenship, with Infinity being a citizen of Indiana and Premier, Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio being citizens of California and the Underlying Action being pending in the Superior Court for the State of California, County of Orange.  Premier, Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio are subject to personal jurisdiction in this district and the subject insurance policy was issued in this district.

## III.   **FACTUAL BACKGROUND**

9.     As alleged in the Underlying Action, the Accident occurred on July 5, 2022.

10.    Infinity issued Commercial Auto Policy No. 504-61015-3749-001 to Premier for the policy period March 18, 2022, to March 18, 2023 ("the Policy," a

true and correct copy of which is attached as Exhibit 2) with a limit of liability for bodily injury and property damage of $1,000,000 CSL.

11.    Mark Edward MacDonald was not a listed driver in the Policy, he was not disclosed as a driver in Premier's application for the Policy, and he was not disclosed to Infinity within 30 days after becoming a driver subsequent to the dated of the application.  Nevertheless, Infinity has been defending Premier, Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio in the Underlying Action subject to a reservation of rights.

12.    Business records of Premier provided by John Arthur Rubio, President of Premier, produced at his Examination Under Oath on November 2, 2023, establish that Mark Edward MacDonald establishing that during the six-week period prior to the Accident, Mark Edward MacDonald drove Premier's Listed Vehicles on the Policy, with Premier's permission, in the scope of Premier's business on at least 22 days making Mark Edward MacDonald a regular permissive driver of Premier's vehicles.

13.    The Insuring Agreement to Part A – Liability Coverage in the Policy reads as follows:

> If the Declaration Page shows a premium charged for this coverage, **we** will pay damages, except punitive or exemplary damages, for which an **Insured** is legally liable because of **bodily injury** or **property damage** because of an **accident** up to the limits stated on the Declaration Page. **We** will investigate, settle, or defend as **we** consider appropriate any claim or suit which is payable under the policy. **Our** duty to settle or defend ends when **our** limit of liability for this coverage has been tendered or exhausted. **We** have no duty to defend any claim or action that is not coverage by this policy.

14.    The Policy defines "Insured" in relevant part as follows:

1.    **"Insured"** means:

a.   **You** while driving your Insured auto, or any person named as a driver on the Declarations Page while driving your **insured auto**.

b.   A person driving **your Insured auto** with **your** expressed or implied permission and within the scope of that permission. However if an insured **auto** is being operated by regular permissive driver who was not disclosed on the application or otherwise as a driver to be covered by this policy or was not disclosed within thirty (30) days after becoming a driver subsequent to the date of application, liability coverage limits drop to the California minimum statutory limits of $15,000 for **bodily** injury per person, $30,000 for **bodily injury** per **accident**, and $5,000 for **property damage** per accident. See Part A Exclusion 27.

15.   Exclusions 27 in Part A of the Policy read as follows:

**We** do not cover:

* * *

27.   **Bodily injury** or **property damage**, in excess of the California minimum statutory liability limits of $15,000 for **bodily injury** per person, $30,000 for **bodily injury** per **accident** and $5,000 for **property damage** per accident, caused by **your insured auto** when operated by a regular permissive driver who was not disclosed on the policy application or otherwise as a driver to be covered by this policy, or was not disclosed within thirty (30) days after becoming a driver subsequent to the date of application. All Liability Limits drop to the California minimum statutory limits which are $15,000 for **bodily injury** per person, $30,000 for **bodily injury** per **accident**, and $5,000 for **property damage** per accident, even if the limits of liability stated on your Declarations page are larger than the California minimum statutory liability limits. WE WILL ONLY PROVIDE LIABILITY COVERAGE EQUAL TO THE CALIFORNIA MINIMUM STATUTORY LIABILITY LIMITS.

* * *

## <u>CLAIM FOR RELIEF</u>

(Declaration of Policy Limit Drop Down –

28 U.S.C. § 2201)

16.     Infinity refers to the foregoing paragraphs 1 through 15 and incorporates the same herein by this reference.

17.     An actual controversy has arisen, and now exists, between Infinity, Premier, Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio in that Infinity contends and is informed and believes that Premier, Michael Bryant, Mark Edward MacDonald, and John Arthur Rubio deny or will deny, that based on the definition of **Insured** under the Policy and the terms of Exclusion 27, the Policy does not apply to any damages that may be awarded to Michael Bryant in the Underlying Action in excess of $15,000 if it is determined by this Court that at the time of the Accident Mark Edward MacDonald was a regular permissive driver of Premier's vehicle who was not disclosed on the Policy application or otherwise as a driver to be covered by the Policy.

18.     Infinity seeks a declaration that in the event of a judgment in the Underlying Action in favor of Michael Bryant, Infinity's indemnity obligation as to Premier, Mark Edward MacDonald, and John Arthur Rubio drops down from $1,000,000 to $15,000.

WHEREFORE, Infinity prays for judgment as follows:

1.     For a declaration that in the event of a judgment in the Underlying Action in favor of Michael Bryant, Infinity's indemnity obligation to Premier, Mark Edward MacDonald, and John Arthur Rubio drops down from $1,000,000 to $15,000; and

/ / /

2.      For such other and further relief as the Court deems appropriate.

WILLIAMS & WOLLITZ PC


By: ___/s/ Howard N. Wollitz_____
            Howard N. Wollitz
Attorneys for Plaintiff
INFINITY SELECT INSURANCE
COMPANY

Complaint for Declaratory Relief